JOHN WESLEY PATTON

VERSUS

GARY WESTCOTT, DPSC SECRETARY,
WARDEN TRAVIS DAY, BB SIXTY RAYBURN
CORRECTIONAL CENTER

NO. 25-KH-48

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

February 25, 2025

Jalisa Walker
Deputy Clerk

**IN RE** JOHN WESLEY PATTON

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT,
PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE
STEPHEN C. GREFER, DIVISION "J", NUMBER 18-7474

Panel composed of Judges Susan M. Chehardy,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT DENIED**

In this *pro se* writ application, relator, John W. Patton, seeks review of the district court's December 17, 2024 denial of his motion to recuse Judge Steven C. Grefer from presiding over relator's application for post-conviction relief (APCR) which he filed on October 4, 2024.[1]  For the reasons that follow, relator's writ application is denied.

### *Procedural Background*

On April 21, 2021, a jury found relator guilty of attempted second-degree rape, false imprisonment while armed with a dangerous weapon, second-degree rape, and sexual battery.  This Court affirmed relator's convictions and sentences on December 21, 2022.  *State v. Patton*, 22-112 (La. App. 5 Cir. 12/21/22), 355 So.3d 156, *writ denied*, 23-00151 (La. 11/8/23), 373 So.3d 60.

This matter has a long procedural history, including several prior motions to recuse Judge Grefer.  On October 4, 2024, relator filed his fourth and current motion to recuse Judge Grefer, along with an APCR.  On December 17, 2024, Judge Grefer denied the fourth recusal motion finding that relator "fail[ed] to cite any new law or to allege any new facts" in support of the motion and the motion was repetitive.  Judge Grefer further found relator failed to meet his burden of proof in establishing any of the statutory requirements for the recusal of a trial

_____
[1] Judge Grefer was the presiding judge over relator's 2021 trial.

judge, pursuant to the prejudice, bias, or personal interest provision set forth in La. C.Cr.P. art. 671(A) and that any challenge against the trial judge in this case under La. C.Cr.P. art. 674 had expired, as relator's case had been tried and appealed.

In the instant writ application,[2] relator seeks review of the denial of his fourth recusal motion of Judge Grefer, which alleges bias as the grounds for recusal. In support of his motion, Relator points out that he named Judge Grefer as a defendant in a federal lawsuit and as the respondent in a complaint he filed with the Louisiana Judiciary Commission.[3] Relator seeks the recusal of Judge Grefer in his pending APCR together with an order staying a ruling on that APCR.

*Analysis*

A trial judge is presumed to be impartial, and the burden is on the party seeking to recuse a judge to prove otherwise. *State v. Sly*, 23-60 (La. App. 5 Cir. 11/2/23), 376 So.3d 1047, 1096, *writ denied*, 23-1588 (La. 4/23/24), 383 So.3d 608. The grounds for recusal based on bias, prejudice, or personal interest must amount to more than conclusory allegations. *Id.*

As previously stated, relator has filed several recusal motions in this matter. In March 2024, we reviewed Judge Grefer's ruling denying relator's third motion to recuse filed December 14, 2023 in *State v. Patton*, 24-87 (La. App. 5 Cir. 3/1/24) (unpublished writ disposition). Relator's third recusal motion raised the same allegations as the instant recusal motion, *i.e.*, Judge Grefer's bias against relator during trial, relator's federal lawsuit naming Judge Grefer as a defendant,[4] and relator's Louisiana Judiciary Commission complaint. In denying his writ application, we found that relator's arguments regarding the alleged failure of the trial court to be impartial were previously reviewed and found to be meritless by this Court on appeal in *Patton*, 355 So. 3d at 176. We also found relator's allegations contained in the complaint to the Louisiana Judiciary Commission dated November 25, 2023 were based upon Judge Grefer's actions during trial, and the mere filing of a lawsuit against a judge is insufficient to recuse a judge because judges are presumed to be impartial. *State v. Duhon*, 20-513 (La. App. 3 Cir. 5/26/21), 322 So.3d 326, 341.

---

[2] We first note that relator's writ application is untimely in that it was filed with this Court on February 5, 2025, more than thirty days from the district court's December 17, 2024 judgment We also note the writ application is not in compliance with Uniform Rules – Courts of Appeal, Rule 4-5(C)(6) requiring a "copy of the judgment, order, or ruling complained of (if by written judgment, order, or ruling)" and Uniform Rules-Courts of Appeal, Rule 4-3 requiring documentation of a return date attached to relator's writ application. However, according to relator, he was never served with a copy of the district court's December 17, 2024 ruling denying his motion to recuse. Also, the record reveals that the district court has not acted on relator's notice of intent filed on January 13, 2025. Given relator's contention that he was not served with a copy of the ruling and given that the district court has not acted on relator's timely-filed notice, we consider relator's application in the interests of justice, and judicial economy.

[3] Notably, on January 20, 2023, the federal district court dismissed without prejudice relator's civil rights action "for lack of subject-matter jurisdiction pursuant to the Eleventh Amendment." *See Patton v. City of Westwego*, 2023 WL 1979966, at *1 (E.D. La. Jan. 20, 2023).

Upon review, relator's fourth recusal motion, which forms the basis of the instant writ application, relies on the same repetitive, conclusory, and previously-filed allegations raised in *Patton*, 24-87, *supra.* For the same reasons stated in *Patton*, 24-87, *supra,* we find the allegations of bias raised in relator's fourth recusal motion without merit. We further find that relator fails to show any statutory grounds under La. C.Cr.P. art. 671 that warrant the recusal of Judge Grefer from considering his post-conviction proceedings.

Accordingly, we deny the relief requested in the instant writ application.

Gretna, Louisiana, this 25th day of February, 2025.

**TSM**
**SMC**
**SUS**

3

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **02/25/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**25-KH-48**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Stephen C. Grefer (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
John W. Patton #327902 (Relator)
Rayburn Correctional Center
27268 Highway 21
Angie, LA 70426